IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA WILLIAM JACKSON, ) | |
| ID # 54191-177, ) | |
| Movant, ) | |
| ) | No. 3:22-CV-778-L-BH |
| vs. ) | No. 3:16-CR-196-L(1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion for Order Vacating Judgement* [sic] *Order or Sentence Under Common Law Writ of Audita Querela/ Coram Nobis/ Coram Vobis or Alternative Writs Under the All Writs Act 28 U.S.C. § 1651*, received on April 5, 2022 (doc. 3), should be construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

### I.   BACKGROUND

Joshua William Jackson (Movant) pled guilty under a plea agreement to use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) and (A), illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D), and cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and (b)(5). (*See* No. 3:16-CR-196-L(1), docs. 53, 57, 60.)[2] By judgment dated August 17, 2017, he was sentenced to a total term of 156 months' imprisonment, to be followed by a three-year term of supervised release. (*See id.*, doc. 111 at 2-3.)  He was also ordered to pay $839 in restitution and a $300

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this civil action, 3:22-CV778-L-BH.

special assessment. (*See id.*, doc. 111 at 7.) On September 21, 2018, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) affirmed the judgment on direct appeal. *See United States v. Jackson*, 741 F. App'x 225, 227 (5th Cir. 2018). He did not file a petition for a writ of certiorari with the Supreme Court.

Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on July 11, 2019, which was dismissed with prejudice on May 31, 2021. (*See* No. 3:19-CV-1664-L-BH, docs. 2, 60-61.) The Fifth Circuit denied a certificate of appealability on December 16, 2021. (*See id.*, docs. 66-67.) Since filing his § 2255 motion, Movant has also filed several motions for a reduction of sentence under 18 U.S.C. § 3582(c), none of which have been granted. (*See* No. 3:16-CR-196-L(1), docs. 162, 174, 189, 192, 202, 205, 208, 210-12, 217, 221.) He now seeks to vacate the criminal judgment under various writs.

## II.     JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A.     *Coram Nobis*

A writ of error *coram nobis* is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and therefore are unable to pursue direct review or seek collateral relief by filing a petition for a writ of habeas corpus. *See United States v. Hatten*, 167

F.3d 884, 887 n.6 (5th Cir. 1999). Movant is still in custody, so this Court lacks jurisdiction to grant *coram nobis* relief. *United States v. Urdiales Garcia*, 442 F. App'x 935, 936 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).

**B.**     *Audita Querela*

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). It "can only be applied to rectify a judgment which, though correct when rendered, has since become infirm." *United States v. Miller*, 599 F.3d 484, 490 (5th Cir. 2010). As noted in *Banda* and restated in *Miller*, however, "[i]t is an open question whether the . . . writ survives as a post-conviction remedy." *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 488 ("the writ of *audita querela might* also survive in criminal adjudications, if there is a gap for it to fill.") (emphasis in original). Assuming the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 488. "Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id.* In addition, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.*

Here, Movant has not alleged that the judgment was correct when rendered, but has now become infirm, as required to show entitlement to a writ of *audita querela*. *See Miller*, 599 F.3d at 490; *Brown v. Chandler*, No. 4:14-CV-559-A, 2014 WL 11514275, at *2 (N.D. Tex. Aug. 19, 2014) (finding that the writ of *audita querela* provided no relief where the petitioner failed to allege that the sentencing court's judgment was correct when rendered, but subsequently became infirm), *aff'd*, 606 F. App'x 267 (5th Cir. 2015). To the contrary, he alleges that the "District

Court committed both substantial and procedural error when despite [Movant's] clear and accurate objections during the Pre-Sentence Report and at the Sentencing Hearings, the Court failed to review the charging documents failing to follow the application note 2 of the United States Sentencing Guideline §2E1.2 and failing to find ANY 'Most Analogous Offense' to Texas Penal Code § 48.02 in tern [sic] selecting an otherwise inapplicable Guidelines range." (doc. 3 at 4-5.) Any writ of *audita querela* challenging his sentence in the underlying criminal case is inappropriate and unavailable because he clearly contends that the judgment was infirm at the time it was rendered. *See Miller*, 599 F.3d at 489 (holding that the defendant had no viable case for a writ of *audita querela* where his arguments indicated that the judgment was infirm at the time it was rendered due to ineffective assistance of counsel); *United States v. Harris*, 310 F. App'x 705, 706 (5th Cir. 2009) (holding that a claim that fines should have been concurrent arose at the time of the judgment and cannot be raised in a writ of *audita querela*). The writ of *audita querela* is not available to Movant.[3]

C.   **Successive § 2255 Motion**

Because Movant challenges the legality of his conviction and sentence and seeks the reduction of his "current term of imprisonment from 156 months to 60 months," (doc. 3 at 9), the petition is properly construed as a § 2255 motion to vacate, set aside, or correct a federal sentence.[4]

---

[3] To the extent Movant argues that his claims cannot be raised under any other post-conviction remedy, other avenues are available to him, and he has pursued them. That his claims have been unsuccessful does not render the remedies unavailable, and a writ of *audita querela* is also not available to Movant on this basis. *See Miller*, 599 F.3d at 488; *United States v. Schanck*, 774 F. App'x 239, 239 (5th Cir. 2019) ("The fact that a movant cannot meet the requirements of § 2255 does not render the § 2255 remedy unavailable.") (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam)); *Lopez v. United States*, No. 4:18cv252, 2018 WL 9371563, at * 2 (E.D. Tex. Jun. 7, 2018) ("Although Petitioner argues a § 2255 motion would be untimely and the issues he raises are not cognizable under § 2255, case law makes it clear that simply because Petitioner may not ultimately prevail, does not allow him to circumvent the § 2255 motion.").

[4] Movant alleges the following grounds:

>  (1)  The District Court committed a clear error in calculating the sentence in light of intervening law or facts committed in applying the Sentencing Guidelines in violation of procedural due

*See Tolliver*, 211 F.3d at 877-78 (holding that § 2255 provides the primary means of collaterally attacking a federal conviction and sentence and relief is reserved for errors that occurred at trial or sentencing).

Movant previously filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, Movant was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "'requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court.'" *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant challenges the same conviction as in his prior § 2255 motion; he raises claims that he did or could have raised in his first motion, and he also references the existence of "intervening law and facts." (doc. 3 at 4.) His motion is properly construed as a successive motion within the meaning of § 2255, and the determination of whether Movant may file a successive petition "must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court." *United States v. Ornelas-Castro*, No. 3:07-CR-190-K, 2019 WL 6135156, at *2

---

    process;

    (2) The District Court committed a procedural error in incorrectly interpreting a fact or circumstance resulting in the misapplication of incorrect application of the United States Sentencing Guidelines rending the Sentence fundamentally unfair in violation of Procedural Due Process Rights.

(doc. 3 at 4.)

(N.D. Tex. Nov. 18, 2019) (citing 28 U.S.C. §§ 2244(b)(3), 2255(h)); *see also, e.g.*, *United States v. Johnson*, 303 F. App'x 241, 242-43 (5th Cir. 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 and the federal rules of criminal procedure where the movant had already filed a § 2255 motion).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider Movant's second § 2255 motion, and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III. RECOMMENDATION

The *Motion for Order Vacating Judgement* [sic] *Order or Sentence Under Common Law*

*Writ of Audita Querela/ Coram Nobis/ Coram Vobis or Alternative Writs Under the All Writs Act 28 U.S.C. § 1651*, received on April 5, 2022 (doc. 3), should be construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 13th day of April, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE